1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LINDA FLOWERS,                      No. 2:18-cv-1715-JAM-EFB PS

12             Plaintiff,

13        v.                             ORDER AND FINDINGS AND
                                         RECOMMENDATIONS
14   LISA S. RIPEIRO, et al.,

15             Defendants.

16

17        Plaintiff filed this action in the United States District Court for the Northern District of

18   California seeking to challenge a judgment entered by the San Joaquin County Superior Court to

19   appointing a public conservator for plaintiff's son.  The case was transferred to this district and

20   several motions by plaintiff are before the court.[1]  As a threshold matter, plaintiff seeks leave to

21   proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.  ECF No. 3.  She also moves for a

22   permanent restraining order (ECF No. 6), and moves to transfer this case back to the Northern

23   District of California.  ECF Nos. 16, 17[2].  For the reasons explained below, plaintiff's request to

24   _____

25        [1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the
     undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

26        [2] After this action was transferred, plaintiff filed two documents styled as "Requesting
27   My Case Remain here in San Francisco" and "Motion to Stay in San Francisco District Court,"
     which both argue that requiring plaintiff to litigate this action in the Eastern District will create a
28   hardship for plaintiff.  ECF Nos. 16, 17.  The court construes these filings as a motion to transfer

                                          1

1 proceed *in forma pauperis* is granted, but her complaint must be dismissed without leave to
2 amend. Necessarily, her motions to transfer venue and for a permanent restraining order should
3 be denied.

4 I.    Venue

5        The United States District Court for the Northern District of California properly
6 transferred this action to this district. As found by the Northern District, all parties reside in the
7 Eastern District and the conduct complained of in plaintiff's complaint took place in Stockton,
8 California, which lies in this district. ECF No. 13; *see* ECF No. 1; 28 U.S.C. 84(b). Thus, the
9 Eastern District, not the Northern District, is the proper venue for this action. 28 U.S.C. S
10 1391(b).

11        Furthermore, as discussed below, the complaint must be dismissed and with the dismissal
12 of the action the venue question is rendered moot. Accordingly, plaintiff's motion to transfer
13 venue (ECF Nos. 16, 17) must be denied.

14 II.    Request to Proceed In Forma Pauperis and Screening Requirement

15        Plaintiff's application to proceed in forma pauperis makes the financial showing required
16 by 28 U.S.C. § 1915(a)(1) and (2). *See* ECF No. 3. Accordingly, the request to proceed in forma
17 pauperis is granted, *see* 28 U.S.C. § 1915(a).

18        Determining that plaintiff may proceed *in forma pauperis* does not complete the required
19 inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the
20 allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on
21 which relief may be granted, or seeks monetary relief against an immune defendant. As discussed
22 below, the court lacks jurisdiction over this action and the complaint must be dismissed without
23 leave to amend.

24        Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
25 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
26 fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

27

28 this action back to the United States District Court for the Northern District of California.

*Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of

subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff brings this action against the Valley Mountain Regional Center ("VMRC"), the San Joaquin County Superior Court, Judge Leslie Holland; John Laupher, and Lisa Ripeiro. ECF No. 1. Liberally construed, the complaint alleges that VMRC is holding plaintiff's son against his will and refusing to allow plaintiff to see him. ECF No. 1 at 3. Plaintiff claims that VMRC is forcing her son to take medication that he was not prescribed and to work without pay. She claims that these actions have been taken without any legal right to provide him services and "without any conservatorship." *Id*. at 5-6. Plaintiff now seeks an order requiring the return of her son to her home.[3] *Id*.

It is not clear from the complaint the precise claim(s) plaintiff attempts to assert. But shortly after initiating this action she filed a document entitled "Appellants' Opening Brief," which adds some clarification. Her brief coupled with her complaint demonstrate that plaintiff seeks to challenge adverse rulings issued by the San Joaquin County Superior Court. ECF No. 10. Plaintiff claims that Judge Holland, a state court judge for the San Joaquin County Superior Court, "quashed Appellant Linda Flowers motion for Civil Harassment Restraining Order and Motion for Permanent Restraining Order," and "granted [a motion to appoint] San Joaquin County Public Conservator Lisa Ripeiro as Successor Conservator, when it is in the best interest of the Conservatee that" plaintiff be appointed the conservator. *Id*. at 5. Plaintiff further contends that in reaching its decisions, the state court erred by ignoring numerous facts. *Id*. at 14-16. Significantly, plaintiff argues that she is entitled to "relief from judgment made by [the state court] granting conservatorship to the state." *Id*. at 19. Thus, that plaintiff seeks by this action to overturn the state court's judgement.

State court records, which are attached to "Appellants' Opening Brief," reflect that on May 2, 2018, the San Joaquin County Superior Court held a trial on the San Joaquin County Public Conservator's petition to appoint a public conservator for plaintiff's son. *Id*. at 39. On

---

[3] The complaint is devoid of any allegations regarding the other named defendants. *See generally* ECF No. 1.

that date, the state court denied plaintiff's motions to continue the trial, for a civil harassment restraining order, and for a permanent restraining order; granted the petition for appointment of a conservator, and appointed the San Joaquin County as successor conservator for plaintiff's son. *Id*. at 39. A formal order appointing a successor conservator issued the following week. *Id*. at 30-33.

Plaintiff has made clear in her filings in this case that that she seeks appellate review of the state court's orders and judgment. This court is barred from conducting such a review under the *Rooker-Feldman* doctrine.[4] The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n. 16). *Rooker-Feldman* thus bars federal adjudication of any suit where a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision. *Id*. at 900 n. 4. Therefore, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

Furthermore, permitting plaintiff leave to amend would be futile. Recharacterizing the claims will not alter the nature of the relief sought; i.e. review of and relief from the state court's judgment. A federal district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case. *Samuel v. Michaud*, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir. 1997); *see also Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action). "That the federal district court action alleges the state court's action was unconstitutional does not change the rule." *Feldman*, 460 U.S. at 486. In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court.

---

[4] Although the basis for this action is not evident from plaintiff's complaint, the court may look outside the complaint in determining the existence of subject matter jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." *Samuel*, 980 F. Supp. at 1412-13. Accordingly, the complaint must be dismissed without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).[5]

Accordingly, it is hereby ORDERED that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.

Further, it is RECOMMENDED that:

1. Plaintiff's motion to transfer venue (ECF Nos. 16, 17) be denied.

2. Plaintiff's complaint be dismissed without leave to amend;

3. Plaintiff's motion for a permanent restraining order (ECF No. 6) be denied as moot; and

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 25, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[5] Consequently, plaintiff's motion for a permanent restraining order—which seeks, among other things, an injunction requiring the immediate return of plaintiff's son to her custody and care—must be denied as moot. *See* ECF No. 6 at 5.

6